# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| **Patricia Hollis,** | ) | Case No: 3:23-CV-00153-RJC-DCK |
| | ) | |
| Plaintiff, | ) | Judge: Robert J. Conrad, Jr. |
| | ) | |
| v. | ) | Magistrate Judge: David Keesler |
| | ) | |
| **Lakeview Loan Care LLC DBA Dave Worrall,** | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

## LAKEVIEW LOAN SERVICING, LLC & LOANCARE, LLC'S
## MOTION TO DISMISS COMPLAINT

Lakeview Loan Servicing, LLC ("Lakeview") and LoanCare, LLC ("LoanCare"), pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6), move this Court for an order dismissing the Plaintiff Patricia Hollis's ("Plaintiff") Complaint, with prejudice and at Plaintiff's cost, on the grounds that Plaintiff has not cured the deficiencies identified in this Court's August 22, 2025, Order, to effectuate proper service upon Lakeview and LoanCare. Plaintiff has not properly named or served Lakeview or LoanCare, this Court has not established personal jurisdiction over Lakeview or LoanCare, and Plaintiff has failed to state a claim upon which relief may be granted. The grounds for this motion are more fully set forth in the attached Memorandum in Support.

Respectfully submitted,

*/s/Matthew H. Sommer*
Matthew H. Sommer (51004)
Dinsmore & Shohl LLP
191 West Nationwide Boulevard
Suite 200
Columbus, Ohio 43215

Phone: (614) 227-4285
Fax: (614) 628-6890
Email: matthew.sommer@dinsmore.com

*Counsel for Lakeview Loan Servicing, LLC & LoanCare, LLC*

## I.     INTRODUCTION

Plaintiff Patricia Hollis ("Plaintiff") erroneously sued "Lakeview Loan Care LLC DBA Dave Worrall," a nonexistent entity, in connection with an alleged failure to validate a debt. Plaintiff did not properly serve the summons or complaint upon LoanCare, LLC ("LoanCare") or Lakeview Loan Servicing, LLC ("Lakeview"). The Clerk entered an Entry of Default against "Lakeview Loan Care LLC," and Plaintiff filed a Motion for Default Judgment against "Lakeview Loan Care Services LLC." This Court granted in part and denied as moot in part without prejudice to refile Lakeview and LoanCare's Motion to Vacate the Clerk's Entry of Default and to Dismiss the Complaint ("Motion to Vacate and Dismiss") in its August 22, 2025, Order ("Order"). [Doc. No. 12]. Therein, this Court also granted Plaintiff an extension of time, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, permitting Plaintiff an additional thirty (30) days from the entry of the Order to perfect service. [Doc. No. 12, p. 9]. However, this Court "warn[ed] Plaintiff that if she fail[ed] to follow **all service of process requirements**, the Court may dismiss this lawsuit, in whole or in part, for failure to properly serve Defendants." [*Id.*].

On September 12, 2025, Plaintiff filed a Proof of Service, alleging that a summons was served by hand delivery on "Francisco Marques . . . on behalf of LoanCare llc" at the same address that the original Proof of Service was delivered. [Doc. No. 13]. Despite this Court providing her a second opportunity to perfect service and identifying the requirements to do so, Plaintiff simply re-delivered a copy of the complaint to the same address, which was well communicated to Plaintiff to not be the proper place of service for either Lakeview or LoanCare.

Plaintiff has now had multiple opportunities to perfect service and has failed to do so. Plaintiff did not correct the incorrect and unclear names, none of which properly identify LoanCare

or Lakeview as a defendant in her complaint or summons. For this reason alone, Plaintiff's Complaint is insufficient and should be dismissed. To the extent Plaintiff intended to name either LoanCare or Lakeview as a defendant, Plaintiff has failed to properly serve a summons and complaint on either entity and thus has not established this Court's personal jurisdiction over LoanCare or Lakeview as an out-of-state defendant. For this reason, the Court should dismiss the Complaint for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5).

Lastly, to the extent this Court does not dismiss this action pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), a review of the Complaint on the docket provides a confusing and unintelligible set of "affidavits" none of which set forth any viable claim for relief. As such, dismissal with prejudice of Plaintiff's action is appropriate pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## II.    RELEVANT FACTS[1]

This case appears to be related to a mortgage loan on Plaintiff's home, originally held by Movement Mortgage, LLC, for the amount of $180,835.00. At some point in 2022, Plaintiff fell into default on her mortgage loan payments. On December 29, 2022, Cape Fear Trustee Services, LLC filed a foreclosure action against Plaintiff in the Mecklenburg County Superior Court as a substitute trustee under the Deed of Trust. *See* Order of Remand at 2 (attached as Exhibit A). Neither Lakeview nor LoanCare were named parties to that action. In June 2023, Plaintiff removed the state foreclosure action to the United States District Court for the Western District of North Carolina.[2] Order of Remand at 2. The foreclosure action was remanded back to the state court for

---

[1] The Relevant Facts are largely a restatement of the facts set forth in Lakeview and LoanCare's Motion to Vacate and Dismiss.

[2] The federal case was captioned *Lakeview Loan Care Services, LLC v. Hollis*, 3:23-cv-00373-MOC-DCK.

failure to timely file a Notice of Removal and lack of diversity between the parties and is currently still pending.[3]

In March 2023, Plaintiff filed this separate action against "Lakeview Loan Care LLC DBA Dave Worrall," alleging that the defendant had sent her harassing billing errors without validating a debt and seeking $1 million in damages. Complaint at 4-5. This Complaint appears to be referencing the mortgage loan debt at issue in the state court matter.

Neither Lakeview nor LoanCare were ever properly served with the summons and complaint in this matter, and Lakeview and LoanCare did not become aware of this proceeding until April 2024, when they received a copy of Plaintiff's filed Motion for Default Judgment. As of the date of this filing, neither Lakeview nor LoanCare have been properly served.

Plaintiff filed her original Proof of Service in this matter, alleging that the Complaint and Summons were served by hand delivery to an unnamed registered agent on behalf of "Lake View Loan Care DBA Dave Worrall" at a Virginia Beach address. The Proof of Service does not state whom that registered agent was, nor did the supposed agent sign a receipt for the Complaint and Summons. LoanCare's actual registered agent, CT Corporation, is located in Glen Allen, Virginia, and Lakeview's registered agent, Corporation Service Company, is located in Richmond, Virginia. Neither entity has a registered agent located at the Virginia Beach address listed on the Plaintiff's Proof of Service.

Following this Court's ruling on Lakeview and LoanCare's Motion to Vacate and Dismiss, this Court issued an Order granting Defendants' Motion to Vacate and denying, without prejudice to refile, Defendants' Motion to Dismiss as moot. [Doc. No. 12, p. 1]. The Court provided Plaintiff

---

[3] The foreclosure action is still pending before the Mecklenburg Clerk of Superior Court, and is captioned *In the Matter of the Foreclosure of a Deed of Trust Patricia A. Hollis*, 22SP003099-590.

an additional thirty (30) days to perfect service. Despite filing another Proof of Service, Plaintiff still has not properly served either Lakeview or LoanCare.

## III. ARGUMENT

### a. The Complaint should be dismissed for insufficient process under Fed. R. Civ. P. 12(b)(4).

A non-existent entity is not subject to suit, and where a complaint and summons name a non-existent entity, process is deficient and the complaint is subject to dismissal. *Slocum v. Energy*, No. 5:23-CV-00680-M, 2024 U.S. Dist. LEXIS 65053, at *3-4 (E.D.N.C., Mar. 19, 2024) (collecting cases) (holding that where a pro se defendant named a non-existent entity and failed to serve a named officer, director, or agent, the complaint was subject to dismissal for both inadequate process and inadequate service of process). Where process or service of process is deficient under the Federal Rules of Civil Procedure, a federal court may not exercise personal jurisdiction over a defendant and dismissal of the complaint is proper. *Corbett v. Noosa Pest Mgmt., LLC*, No. 3:22-CV-460-MOV-WCM, 2023 U.S. Dist. LEXIS 215427, at *6 (W.D.N.C. Dec. 4, 2023).

Plaintiff's Complaint is deficient on its face, because it fails to properly name either Lakeview Loan Servicing, LLC or LoanCare LLC as a defendant—Plaintiff has not cured this defect. The complaint still names "Lakeview Loan Care LLC DBA Dave Worrall," a nonexistent entity. To the extent that Plaintiff was attempting to name either Lakeview or LoanCare, the complaint names only one defendant, and it is unclear which entity Plaintiff intended to name as a defendant. While the second proof of service filed by Plaintiff names "Francisco Marques . . . on behalf of LoanCare llc," Mr. Marques is not an officer, director, or registered agent of LoanCare.

6

For this reason alone, process is deficient under Fed. R. Civ. P. 12(b)(4) and Plaintiff's Complaint should be dismissed. *See Slocum* at *3-4.

> **b.** **The Complaint should be dismissed for insufficient service of process under Fed. R. Civ. P. 12(b)(5).**

The Plaintiff bears the burden of establishing that service of process was effectuated properly. *Gean v. Charlotte Health & Rehab. Ctr.*, No. 3:23-CV-00264-FDW-SCR, 2024 U.S. Dist. LEXIS 9517, at *1 (W.D.N.C. Jan. 17, 2024). Under both federal and North Carolina state rules of civil procedure, service of process upon a corporation or other entity must be made upon an officer, director, managing agent, or other agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(h)(1); N.C. Gen. Stat. § 1A-a, Rule 4(j)(6); *Juul Labs, Inc. v. LBC Ramsey, LLC*, No. 5:20-CV-706-D, 2021 U.S. Dist. LEXIS 74586, at *2 (E.D.N.C., Apr. 19, 2021). Because proper service is needed to establish a federal court's personal jurisdiction over a defendant, dismissal of the complaint is proper where there is insufficient service of process. *Corbett* at *6. As the Fourth Circuit put it, "the rules are there to be followed, and plain requirements for effecting service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Here, Plaintiff has failed to properly serve the Complaint and Summons upon either Lakeview or LoanCare. Plaintiff's second proof of service asserts that the Complaint and Summons were served by hand delivery upon "Francisco Marques . . . on behalf of LoanCare llc" located at 3637 Sentara Way, Virginia Beach, Virginia 23452—the same address that Plaintiff was informed several times was incorrect. Moreover, Mr. Marques is not an officer, director, or registered agent for LoanCare or Lakeview, nor does the proof of service contain a signature from Mr. Marques.

As described in LoanCare and Lakeview's Motion to Vacate and Dismiss and this Court's Order, LoanCare's registered agent in Virginia is CT Corporation, located in Glen Allen, Virginia, nearly a two-hour drive away from the Virginia Beach address of service. Lakeview's registered agent in Virginia is Corporation Service Company, located in Richmond, Virginia, also nearly a two-hour drive from the Virginia Beach address of service. Neither CT Corporation nor Corporation Service Company has any record of service or attempted service from Plaintiff. Plaintiff has now twice failed to serve either LoanCare or Lakeview's actual registered agent and has not properly served either entity in this matter.

To the extent that it is permissible to serve a corporation by serving an officer, director, or other managing agent, Plaintiff has provided no evidence to show that the individual served was an officer, director, or managing agent of LoanCare. Fed. R. Civ. P. 4(h)(1); N.C. Gen. Stat. § 1A-a, Rule 4(j)(6). Plaintiff has not provided any evidence that Mr. Marques is able to accept service on behalf of Lakeview or LoanCare. Without any proof that the individual served in Virginia Beach was an officer, director, or other managing agent of Lakeview or LoanCare, Plaintiff has not met her burden in showing proper service of process. *Juul Labs* at \*4. Because Plaintiff has not properly served either LoanCare or Lakeview, this Court cannot assert personal jurisdiction over either entity as a defendant. Plaintiff's Complaint should be dismissed for insufficient service of process under Fed. R. Civ. P. 12(b)(5).

**c.      This Court should dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.**

Should this Court not dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. Rules 12(b)(4) and 12(b)(5), this Court should dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

It is well-settled that "Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' " *Hubbs v. City of Charlotte*, 2025 U.S. Dist. LEXIS 175061, *2-3 (W.D.N.C. Sept. 9, 2025). As the Court in *Hubbs* explains:

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*(citing *Twombly*, 550 U.S. at 556). In evaluating whether a claim is sufficiently stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); see *Twombly, 550 U.S. at 555*(A claim will not survive a motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic recitation of a cause of action's elements."). That said, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.*(internal citation and quotation marks omitted). In other words, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

*Hubbs*, 2025 U.S. Dist. LEXIS 175061 at *3-4.

While Courts have recognized that pro se complaints must be liberally construed, "the liberal construction requirement does not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law." *Id.* (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

As outlined above, process in this matter is deficient because the defendant named is a non-existent entity, service of process in this matter is deficient, and Plaintiff failed to cure the well-delineated errors in her first attempt. Substantively, however, Plaintiff's Complaint is equally deficient. A review of the Complaint on this docket reveals a confusing set of affidavits and "facts" that do not support any cognizable claim. Nor does the Complaint actual set out the elements of any cognizable action. Even granting Plaintiff additional deference in the interpretation of her Complaint, there is simply no cause of action stated against anyone, let alone Lakeview and LoanCare specifically.

## IV.    CONCLUSION

This Court has now provided Plaintiff with a second bite at the apple and a road map on how to cure the defects. Nevertheless, Plaintiff has failed to remedy the fatal defects in this action. Accordingly, Lakeview and LoanCare respectfully request this Court GRANT their Motion to Dismiss and issue an order dismissing Plaintiff's Complaint *with prejudice* pursuant to Fed. R. Civ. P. Rules 12(b)(4), 12(b)(5), and 12(b)(6).

Respectfully submitted,

*/s/Matthew H. Sommer*
Matthew H. Sommer (51004)
Dinsmore & Shohl LLP
191 West Nationwide Boulevard
Suite 200
Columbus, Ohio 43215
Phone: (614) 227-4285
Fax: (614) 628-6890
Email: matthew.sommer@dinsmore.com

*Counsel for Lakeview Loan Servicing, LLC & LoanCare, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of October 2025, a copy of the foregoing was

served on all parties of record via the Court's electronic filing and notification system and via

First-Class Mail on the following:

Patricia Hollis
6503 Nathan Drive
Charlotte, NC 28269

*Plaintiff*

/s/*Matthew H. Sommer*
Matthew H. Sommer (51004)