UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-CV-00153-MEO-DCK

PATRICIA HOLLIS,

Plaintiff,

v.

LAKEVIEW LOAN CARE LLC
DBA DAVE WORRALL,

Defendants.

MEMORANDUM & ORDER

**THIS MATTER** is before the Court on LoanCare, LLC ("LoanCare") and Lakeview Loan Servicing, LLC's ("Lakeview") Motion to Dismiss Plaintiff's Complaint (Doc. No. 14), and the relevant briefs and filings. For the reasons set forth below, the Court will grant the motion.

## I.    BACKGROUND

Plaintiff Patricia Hollis initiated this action alleging that Defendants engaged in improper mortgage-servicing and debt-collection conduct in connection with a home loan on property located at 6503 Nathan Drive, Charlotte, North Carolina. The Complaint names as a defendant "Lakeview Loan Care LLC DBA Dave Worall" — an entity that does not exist under that name. The record reflects two distinct corporate defendants (Lakeview Loan Servicing, LLC and LoanCare, LLC) and one individual (Dave Worrall, alleged to be an officer of LoanCare), none of which is properly captured by the name pled.

By Order dated August 22, 2025 (Doc. No. 12), the Court previously granted Defendants' motion to vacate an entry of default and directed Plaintiff to correct the defects in naming and service that had rendered her earlier attempt at process ineffective. On October 2, 2025, Defendants moved to dismiss the Complaint (Doc. No. 14) on three grounds: (a) insufficient process under Fed. R. Civ. P. 12(b)(4); (b) insufficient service of process under Fed. R. Civ. P. 12(b)(5); and (c) failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Plaintiff filed a Response to the Motion to Dismiss on October 17, 2025 (Doc. 17), together with supporting documents on December 8, 2025 (Doc. No. 18) and December 17, 2025 (Doc. No. 19). Plaintiff's supporting exhibits include monthly mortgage statements and escrow disclosures from Lakeview/LoanCare, a field-inspection door notice, and a North Carolina Superior Court order dated October 28, 2025, in the related foreclosure proceeding (BCP No. F22-52092), in which the state court found that Lakeview had "not proven by the preponderance of the evidence that it is a holder of a valid debt owed by the Borrower" and dismissed that foreclosure action without prejudice.

Defendants filed a Reply in support of their motion on January 23, 2026 (Doc. 20), asserting that Plaintiff's Objection and supporting documents did not cure any of the defects identified in the motion, the Court's prior Order, or Fed. R. Civ. P. 12(b)(4), (b)(5), or (b)(6). Plaintiff thereafter filed a Notice Requesting Status of Pending Matters (Doc. No. 21, filed June 26, 2026) and further Supporting Documents (Doc. No. 22, filed June 30, 2026), attaching additional billing

2

correspondence and a Notice of Withdrawal/Termination of the related foreclosure action filed May 5, 2026, confirming that the state foreclosure proceeding has since been withdrawn.

## II.   LEGAL STANDARD

Because Plaintiff is proceeding pro se, her filings are held "to less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That liberal construction, however, does not relieve a pro se plaintiff of the obligation to comply with the Federal Rules of Civil Procedure governing process, service, and pleading, nor does it require the Court to construct a legal claim that the plaintiff has not raised. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(b)(4) permits dismissal for defects in the form of the summons or complaint itself. Rule 12(b)(5) permits dismissal where service of process was not accomplished in the manner Rule 4 requires—for a corporation, service must be made on an officer, managing or general agent, or other agent authorized by appointment or law to receive service, or in a manner authorized by the law of the state where service is made. Fed. R. Civ. P. 4(h)(1); 4(e)(1).

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a

blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 570; *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court, however, accepts all well-pleaded facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cnty. N. Carolina*, 22 F.4th 412, 416 (4th Cir. 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (internal quotation marks omitted) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the

merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## III.  DISCUSSION

### A.  Insufficient Process and Service of Process—Rules 12(b)(4), 12(b)(5)

The Complaint names "Lakeview Loan Care LLC DBA Dave Worall" as the sole defendant — a name that corresponds to no existing legal entity. "DBA" ("doing business as") designations apply to a natural person or entity operating under a trade name; they do not operate to merge two separate corporate defendants, or to substitute for naming an individual defendant in his own right. The result is a Complaint that does not put any actual defendant on fair notice of the claims against it — precisely the harm Rule 12(b)(4) is designed to prevent.

This defect is compounded by the service record. The Court's August 22, 2025 Order specifically identified this naming and service problem and afforded Plaintiff the opportunity to correct it. Plaintiff's subsequent filings show that she again attempted service at the same address and in the same manner previously found ineffective, without naming or serving Lakeview Loan Servicing, LLC, LoanCare, LLC, or Mr. Worrall individually in a manner that satisfies Rule 4(h) or Rule 4(e). The Court understands the genuine difficulty pro se litigants often face in navigating corporate structures and service requirements, particularly where—as Plaintiff notes—a defendant's registered agent information is not always readily transparent. But the fact of that difficulty cannot substitute for the process the Rules require, and the Court cannot deem service effective where the record does not support it.

Accordingly, dismissal is warranted under Rules 12(b)(4) and 12(b)(5). Because defects of this kind are procedural rather than substantive, however, they do not by themselves justify dismissal with prejudice.

### B. Failure to State a Claim—Rule 12(b)(6)

Independently, the Complaint and Plaintiff's subsequent filings do not identify a cognizable federal cause of action. Plaintiff's submissions describe recurring billing statements, a field-inspection door notice, escrow and reinstatement figures, and her general characterization of these communications as "harassment." Standing alone, routine mortgage-servicing correspondence—delinquency notices, escrow disclosures, monthly statements—does not itself violate federal law. A viable claim requires identifying the specific statutory or common-law duty allegedly breached (for example, the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, the Truth in Lending Act, or a state-law claim within the Court's supplemental or diversity jurisdiction). It also requires factual allegations supporting each element of a claim. The Complaint falls short of this requirement.

The Court has considered the October 28, 2025 order of the Mecklenburg County Superior Court (Doc. No. 18-2), which Plaintiff filed. The Court considers this state court order as a matter of public record without converting it to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record"). That state court found that Lakeview had not carried its burden of proving it held a

6

valid, enforceable debt and dismissed the related foreclosure special proceeding without prejudice. A subsequent May 5, 2026 notice (also a public record) withdrew that foreclosure action altogether *See* (Doc. No. 21-2). Those findings may bear on the parties' underlying dispute over the debt and are not without significance, but they were made in a different proceeding, applying a different body of law. They do not on their own supply the missing federal cause of action here, nor do they overcome the pleading deficiencies described above.

For these reasons, the Complaint fails to state a cognizable claim for relief and warrants dismissal under Rule 12(b)(6).

## IV. CONCLUSION

The Court is mindful that Plaintiff has been navigating a stressful, multi-year dispute over her home without the benefit of counsel, that she has appeared and filed diligently at every stage, and that at least some of the underlying servicing conduct she complains of has since been substantiated in part by a state court's own findings and the eventual withdrawal of the foreclosure action against her. Pro se status does not, and cannot, override the jurisdictional and pleading requirements discussed above—but it does inform how the Court exercises its discretion in dismissing this case. Dismissing this action with prejudice, without any opportunity to correct potentially curable defects, is not warranted on this record. At the same time, the Court cannot allow this matter to remain open indefinitely on a Complaint that, as pled, does not properly name or serve a defendant or state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. No. 14) is **GRANTED**;

2. The Complaint is **DISMISSED WITHOUT PREJUDICE** for insufficient process, insufficient service of process, and failure to state a claim upon which relief may be granted.

3. The Clerk of Court is directed to close this matter.

**SO ORDERED.**

Signed: July 10, 2026

Matthew E. Orso
United States District Judge